IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| SELEE Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>CoorsTek, Inc.,<br><br>        Defendant. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff, SELEE Corporation, by and through its undersigned counsel and complaining of the Defendant, CoorsTek, Inc., alleges and states as follows:

### NATURE OF ACTION

1. This action arises from Defendant's trademark infringement under the Lanham Act (15 U.S.C § 1114), false designation of origin under the Lanham Act (15 U.S.C. § 1125(a)), and unfair competition and false advertising under the common law and N.C.G.S. § 75-1.1, *et seq*.

2. Plaintiff, SELEE Corporation ("SELEE" or "Plaintiff"), seeks injunctive and other equitable relief and damages against the Defendant for its willful and intentional conduct of ongoing infringement and other Lanham Act violations, which have caused, and continue to cause, irreparable injury to SELEE, SELEE's customers, and the general public.

### THE PARTIES

3. SELEE is a corporation duly organized and existing under the laws of the State of North Carolina, having its headquarters and principal place of business located at 700 Shepard Street, Hendersonville, North Carolina 28792, in Henderson County.

4. Engineered Ceramics, Inc. ("ECI") is a wholly owned division of SELEE, having its principal place of business located at 24 West End Drive, Gilberts, Illinois 60136, in Kane County.

5. Upon information and belief, CoorsTek, Inc. ("CoorsTek" or "Defendant") is a North American corporation organized and existing under the laws of the State of Delaware, and the State of Colorado, with its principal place of business located at 14143 Denver West Parkway, Suite 400, Golden, Colorado 80401, in Jefferson County.

6. Upon information and belief, CoorsTek was incorporated in or about 1999 for the purpose of operating a business that provides related ceramics products for customers in the United States and worldwide.

## JURISDICTION AND VENUE

7. This action arises out of Defendant's violations of the Lanham Act for trademark infringement (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

8. The Court has jurisdiction over this action under 15 U.S.C. § 1121 (federally registered trademarks) and 28 U.S.C. § 1332 (diversity).

9. The amount in controversy exceeds $75,000.

10. Venue in this Court is proper pursuant to 28 U.S.C §§ 1331 and 1391.

## FACTUAL BACKGROUND

11. SELEE is a leading provider of advanced materials products and services, specializing in the design and manufacture of porous advanced and technical ceramics and metals for customers worldwide.

12. SELEE has invested substantial resources in developing high-quality products and services. Due to the high quality and effectiveness of Plaintiff's products and the investment of significant resources by Plaintiff to market those products and services, Plaintiff has generated

2

Case 1:16-cv-00349   Document 1   Filed 10/26/16   Page 2 of 11

substantial goodwill with its customers, establishing a strong brand and developing the SELEE® mark and ENGINEERED CERAMICS® mark.

13. ENGINEERED CERAMICS® has been in continuous use in commerce by ECI since the mid-1960s.

14. ECI received federal registration for the ENGINEERED CERAMICS® mark from the United States Patent and Trademark Office, Registration Number 1,814,446, on December 28, 1993. *See* Exhibit A (certified copy of the trademark registration for ENGINEERED CERAMICS®).

15. SELEE is the owner of the ENGINEERED CERAMICS® trademark by acquisition and assignment on March 12, 2001.

16. Plaintiff continues to make substantial investments in the promotion and protection of ENGINEERED CERAMICS® and considers it one of its most important and valuable assets.

17. Through continuous use of this trademark since the mid-1960s, ENGINEERED CERAMICS® identifies ECI as the source of the products and services offered in connection with the trademark.

18. Plaintiff not only invests substantially in the promotion and protection of its intellectual property but also carefully monitors the Internet and relevant markets for infringement and unfair competition.

19. The registration of ENGINEERED CERAMICS® is valid and incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b) as evidenced by the certified copy of the Trademark Registration for ENGINEERED CERAMICS® attached hereto in Exhibit A.

20. Plaintiff is entitled to the presumption of validity of the trademark ENGINEERED CERAMICS® by virtue of the Trademark Registration attached hereto as Exhibit A.

21. Plaintiff is entitled to the presumption of ownership of the trademark ENGINEERED CERAMICS® by virtue the Trademark Registration attached hereto as Exhibit A.

22. Plaintiff is entitled to the presumption of secondary meaning in the trademark ENGINEERED CERAMICS® by virtue the Section 8 and 15 listed on the face of the Trademark Registration attached in Exhibit A.

23. Defendant infringes the ENGINEERED CERAMICS® mark through its use of ENGINEERED CERAMICS in connection with sales, advertising, promotion, and importation of related ceramic products offered by CoorsTek in the United States.

24. Defendant, by its willful and intentional conduct of ongoing infringement and other Lanham Act violations, has caused, and continues to cause, irreparable injury to SELEE, SELEE's customers, and the general public.

25. On information and belief, Defendant has used ENGINEERED CERAMICS® in connection with advertising, promoting, importing, and selling its competing ceramic products in the United States.

26. On information and belief, Defendant's unauthorized use of ENGINEERED CERAMICS® causes consumer confusion in violation of, *inter alia*, 15 U.S.C. §§ 1114 and 1125(a).

27. On August 18, 2014, counsel for Plaintiff sent a cease and desist demand letter to Defendant, in which Plaintiff asserted its exclusive rights to use ENGINEERED CERAMICS®, objected to Defendant's infringing use of same, demanded that the Defendant cease all infringement and unfair competition, and further demanded that Defendant cease all activities causing and tending to cause consumer confusion in violation of the Lanham Act. *See* Exhibit B.

28. Defendant's unauthorized and improper use of the ENGINEERED CERAMICS® mark has not altered as a result of Plaintiff's demands and currently continues unabated.

**FIRST CAUSE OF ACTION**
**(Federal Trademark Infringement Under 15 U.S.C. §§ 1114 and 1125(a))**

29. The foregoing allegations are incorporated herein.

30. The actions of Defendant described above and specifically, without limitation, its unauthorized use of the ENGINEERED CERAMICS® trademark, and confusingly similar variations thereof, in commerce to advertise, promote, import, and sell related ceramics products throughout the United States, constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

31. The actions of Defendant, if not enjoined, will continue.

32. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, *inter alia*, diminution in the value of, and goodwill associated with, the ENGINEERED CERAMICS® mark, and injury to Plaintiff's business.

33. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

34. Plaintiff is also entitled to recover damages pursuant to 15 U.S.C. § 1117 in an amount to be determined at trial, profits made by Defendant on sales of products advertised in conjunction with the ENGINEERED CERAMICS® mark, and the costs of this action.

35. Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case, entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**SECOND CAUSE OF ACTION**
**(Federal Unfair Competition and False Advertising under 15 U.S.C. §1125(a))**

36. The foregoing allegations are incorporated herein.

5

37. Defendant's actions described above and specifically, without limitation, Defendant's intentional use of the ENGINEERED CERAMICS® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell related and competing ceramics products throughout the United States, including North Carolina, constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

38. Consumers are likely to be confused, misled and deceived by Defendant's use and representations of the terms ENGINEERED CERAMICS in connection with related and competing ceramics products.

39. Defendant knew or should have known that its advertising and statements were likely to mislead.

40. As an actual and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial.

41. Unless Defendant is enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

42. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendant's Lanham Act violations, an accounting for profits made by Defendant on sales of related ceramics products, as well as recovery of the costs of this action.

43. Plaintiff is informed and believes, and on that basis alleges, that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
**(Unfair Competition and False Advertising under N.C.G.S. § 75-1.1, *et seq*.)**

44. The foregoing allegations are incorporated herein.

45. Defendant's actions described above and specifically, without limitation, Defendant's use of the ENGINEERED CERAMICS® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell related ceramics products throughout the United States, including North Carolina, constitute trademark infringement, false advertising, and unfair competition in violation of the common law and the laws of the State of North Carolina.

46. By these actions, Defendant has engaged in false advertising and unfair competition in violation of the common law and the statutory laws of the State of North Carolina, N.C.G.S. § 75-1.1, *et seq.*, and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

47. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial; and, unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

48. By reason of the foregoing, Plaintiff is also entitled to recover from Defendant treble damages and reasonable attorneys' fees, pursuant to N.C.G.S. §§ 75-16 and 75-16.1.

**FOURTH CAUSE OF ACTION**
**(Common Law Unfair Competition and False Advertising)**

49. The foregoing allegations are incorporated herein.

50. Defendant's actions described above and specifically, without limitation, Defendant's use of the ENGINEERED CERAMICS® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell related ceramics products throughout the United States, including North Carolina, constitutes trademark infringement, false advertising, and unfair competition in violation of the common law.

7

51. By these actions, Defendant has engaged in false advertising and unfair competition in violation of the common law, and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

52. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial; and, unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

53. By reason of the foregoing, Plaintiff is entitled to recover from Defendant actual and compensatory damages according to the common law of unfair competition and false advertising.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

A. That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051, *et seq*. and N.C.G.S. § 75-1.1, *et seq*.; and, more specifically, that Defendant and all of its respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

1) using the ENGINEERED CERAMICS® mark, or any terms confusingly similar to the ENGINEERED CERAMICS® mark, in Defendant's company name and in connection with the marketing, promotion, advertising, sale, or distribution of any product;

2) directly or indirectly engaging in false advertising or promotions of any product in connection with the ENGINEERED CERAMICS® mark or any terms confusingly similar to the ENGINEERED CERAMICS® mark;

3) using the terms "engineered ceramics" in any fashion as is likely to relate or connect Defendant with SELEE or ECI;

4) using the terms "engineered ceramics" in any fashion as is likely to confuse the public into associating the terms "engineered ceramics" with the ENGINEERED CERAMICS® mark;

5) using the terms "engineered ceramics" in any fashion as is likely to confuse the public into associating the terms "engineered ceramics" with any product or service offered by ECI;

6) using the terms "engineered ceramics" in any fashion as is likely to cause confusion or mistake among the public in considering, locating, or attempting to purchase any product or service offered by ECI;

7) using the terms "engineered ceramics" in any fashion as is likely to cause damage to the ENGINEERED CERAMICS® mark, including, without limitation, genericization of the ENGINEERED CERAMICS® mark; and

8) making or inducing others to make any false, misleading, or deceptive statement of fact or representation of fact in connection with the promotion, advertisement, packaging, display, sale, offering for sale, manufacture, production, circulation or distribution of any product by making false representations regarding Defendant's related products;

B. That Defendant file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

C. That Defendant be ordered to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of any products advertised or sold by Defendant in connection with the ENGINEERED CERAMICS® mark, whether used as a

trademark or in any other manner to advertise Defendant's products, including without limitation:

1) the sending of a registered letter (with a copy to Plaintiff) to all internet search engines, including but not limited to, Google, Bing, and Yahoo!, requesting that (i) any and all of Defendant's keyword advertising and sponsored advertisements containing the terms ENGINEERED CERAMICS be removed from its search engines, and (ii) any use of the terms ENGINEERED CERAMICS be removed or replaced with a non-infringing alternative, such as CUSTOM CERAMICS, ADVANCED CERAMICS, or TECHNICAL CERAMICS; and

2) the placement of corrective advertising on Defendant's websites informing consumers of its prior misrepresentations regarding Defendant's use of ENGINEERED CERAMICS;

D. That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading descriptions or representations of fact that misrepresent the nature, quality and characteristics of Defendant's related products;

E. That Defendant be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of North Carolina, N.C.G.S. § 75-1.1, *et seq.*;

F. That Defendant be adjudged to have competed unlawfully and unfairly against Plaintiff by engaging in false or misleading advertising under the laws of the State of North Carolina, N.C.G.S. § 75-1.1, *et seq.*;

G. That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendant's false and misleading statements;

H. That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

I. That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees, and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act;

J. That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendant's unfair competition and false advertising under N.C.G.S. § 75-1.1, *et seq*., including treble damages and attorneys' fees pursuant to N.C.G.S. §§ 75-16 and 75-16.1;

K. That Plaintiff be granted pre-judgment and post-judgment interest;

L. That Plaintiff be granted costs associated with the prosecution of this action; and

M. That Plaintiff be granted such further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ John R. Perkins, Jr.
John R. Perkins, Jr.   (NC BAR No. 28,741)
PERKINS LAW FIRM, LLC
200 North Main Street, Suite 301
Greenville, SC 29601
jperkins@johnperkinslaw.com
T: 864.908.3900
F: 866.365.3840

*Attorneys for Plaintiff, SELEE Corporation*

October 26, 2016